■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HYMAN KRONICK, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of County Court, Clinton County dismissing a writ of habeas corpus. The question on this appeal is whether the prior conviction of relator in Georgia upon which his conviction as a second felony offender is based was for a crime which, if committed in New York, would be a felony. The return of the warden pleads merely the proceedings in the New York courts, and the information presented to the New York court upon which the facts of the prior conviction were set forth is not made part of the return in the record before us. The petition alleges that relator had been "convicted of the crime of Burglary" in Georgia; that the Georgia conviction "was had under an indictment titled Burglary based on a violation pursuant to Section 26-2633 (179 P. C.) of Georgia". Some of the acts within this section would be treated as a misdemeanor in New York. It is made a misdemeanor in Georgia and described in the section caption as "Breaking and entering and stealing". Another statute, section 26-2401, describes "Burglary" and sets up a crime which if committed in New York would be a felony. Certain exhibits filed with us by the Attorney-General show clearly that relator was convicted under the burglary statute in Georgia which would constitute a felony in New York. (People v. Olah, 300 N. Y. 96; People ex rel. Marsh v. Martin, 308 N. Y. 823; People v. Kronick, 308 N. Y. 866, where two other convictions against this relator in Maryland and in Delaware were held not to be prior felony convictions within the New York statute.) One exhibit shows by the acts set forth in the indictment and the description of the crime as "Burglary" that violation of section 26-2401 was the offense charged. The pleading of the statute number is not necessary if the offense is clearly identifiable. It does not clearly appear, however, that this essential exhibit was before the court at the hearing on the writ of habeas corpus. No reference to it is made in the warden's return nor in the decision and order of the County Court; no court exhibit number is attached to it; and it was not filed by appellant as part of the record on appeal. The record should be resettled before the Judge who heard the writ so as to show clearly whether this and other additional exhibits filed here by the Attorney-General are part of the record; and if they are not, whether with due opportunity to relator to deal with them, they should be received. Proceeding remitted to the County Court in accordance with this memorandaum, without costs; and upon completion of the record the case will be returned to the calendar of this court. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.

■ In the Matter of the Claim of MARIAN V. FURY, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal from a decision and order of the Unemployment Insurance Appeal Board settling the record on appeal. The order and decision of the appeal board settling the record affirmed, with $10 costs. If upon the argument of the appeal the need to consider material not included in the record as settled is demonstrated to facilitate a full determination of the questions of law raised on appeal, the court will receive such additional material in typewritten form. No such clear demonstration has been made on the papers before us. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.